Donny **PANGALILA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 03–74478.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2005.*

Decided Oct. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of The District Counsel, Seattle, WA, Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI and MCKEOWN, Circuit Judges, and KING,** Senior District Judge.

## MEMORANDUM ***

Donny Pangalila, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the IJ's and BIA's determination that the petitioner is statutorily ineligible for asylum under the one-year bar. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

We have jurisdiction under 8 U.S.C. § 1252 to review the withholding of removal and CAT claims. We review for substantial evidence the BIA's denial of withholding of removal and CAT relief and must uphold the decision unless the evi-

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dence compels a contrary result. *See Hakeem*, 273 F.3d at 816.

For withholding of removal, a petitioner must show that there is a "clear probability" that he will be persecuted based on an enumerated ground. *See Lim v. INS*, 224 F.3d 929, 937–38 (9th Cir. 2000). Petitioner testified that he was robbed during a riot in 1998, that unknown individuals threw rocks at his house, and that a year later three men slashed his car tire and broke the headlights. Because this conduct fails to constitute past persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003), and petitioner's family members remain in Indonesia, and have not been harmed or threatened, petitioner fails to show a clear probability that he will be persecuted. *See Lim*, 224 F.3d at 935 (stating that ongoing family safety mitigates a well-founded fear of future persecution when the family members are "similarly situated to the applicant and thus presumably subject to similar risk.").

We likewise conclude that the BIA's determination that petitioner is not entitled to relief under CAT is supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART